# Supreme Court of Florida

————————

No. SC22-72

————————

**FRANK A. WALLS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

February 16, 2023

PER CURIAM.

Frank A. Walls, a prisoner under sentence of death, appeals an order denying his latest successive postconviction motion, which sought relief under *Hall v. Florida,* 572 U.S. 701 (2014).[1]  For the reasons given below, we affirm.

## Background

Early one morning in 1987, Walls broke into a mobile home then occupied by Edward Alger and Ann Peterson.  Using curtain cords, Walls tied them up.  Alger managed to get loose, and a

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

struggle ensued. Ultimately, Walls tackled Alger, slashed his throat, and then shot him in the head several times—killing him.

Walls then turned his attention to Peterson, who was at that time helpless and in tears. Though Peterson posed no threat to him, Walls shot her in the head from close range. Peterson began screaming. In response, Walls forced Peterson's face into a pillow and again shot her in the head from close range. She died as a result of these gunshot wounds.

Based on these events, the State charged Walls with two counts of first-degree murder and other crimes. A jury found Walls guilty as charged on both murder counts and recommended a sentence of death for the murder of Peterson. Following the sentencing hearing, the circuit court sentenced Walls to death. On appeal, we reversed his convictions and death sentence, holding that a correctional officer committed a *Massiah*[2] violation during Walls's pretrial detention. *Walls v. State,* 580 So. 2d 131, 132-35 (Fla. 1991) (plurality opinion); *id.* at 135 (Grimes, J., concurring).

---

2. *Massiah v. United States,* 377 U.S. 201 (1964).

On remand, a jury found Walls guilty of both first-degree murder counts and again recommended a death sentence for the murder of Peterson. Accepting that recommendation, the circuit count imposed the death sentence. This time, we affirmed in all respects. *Walls v. State*, 641 So. 2d 381, 391 (Fla. 1994). Walls then filed a petition for certiorari in the Supreme Court, which was denied. *Walls v. Florida*, 513 U.S. 1130 (1995).

Since then, Walls has challenged his death sentence numerous times, including on the basis that he is intellectually disabled. He first raised an intellectual-disability claim shortly after the Supreme Court decided *Atkins v. Virginia*, which held that the Eighth Amendment forbids execution of the intellectually disabled. 536 U.S. 304, 321 (2002). Following a lengthy evidentiary hearing, the circuit court denied Walls's *Atkins* claim. We affirmed, noting that Walls had never scored 70 or below on an IQ test. *Walls v. State*, 3 So. 3d 1248 (Fla. 2008) (table decision) (citing *Cherry v. State*, 959 So. 2d 702 (Fla. 2007)).

Seven years later, Walls raised his second intellectual-disability claim—this time relying on *Hall v. Florida*. That decision held that *Cherry*'s bright-line test created "an unacceptable risk

that persons with intellectual disability will be executed." *Hall*, 572 U.S. at 704. Reasoning in part that *Hall* did not apply to cases on collateral review, the circuit court summarily denied Walls's claim. We disagreed, determining that *Hall* was retroactive under our state law. *Walls v. State*, 213 So. 3d 340, 346 (Fla. 2016) (applying retroactivity test set forth in *Witt v. State*, 387 So. 2d 922 (Fla. 1980)). In light of that determination, we reversed the summary denial and remanded for an evidentiary hearing. *Id.* at 341, 347.

Over four years later, the evidentiary hearing took place. Ultimately, the circuit court denied Walls's motion, giving two reasons for its ruling. First, relying on intervening case law from this Court, *see Phillips v. State*, 299 So. 3d 1013 (Fla. 2020); *Nixon v. State*, 327 So. 3d 780 (Fla. 2021), the circuit court concluded that *Hall* was not retroactive and, thus, *Hall* could not provide a basis for relief. Second, on the merits, the court found that Walls failed to prove that he was intellectually disabled under section 921.137, Florida Statutes (2021). Walls now appeals.

## Analysis

Walls argues that the circuit court erred in multiple respects in denying his intellectual-disability claim. We decline to reach his

- 4 -

merits-based argument and instead affirm on the basis that *Hall* is not retroactive.[3]

Walls's death sentence became final in 1995. Thus, to benefit from *Hall*—a decision that issued almost 20 years later—Walls must show that *Hall* is retroactive. Our decision in *Phillips*, however, forecloses that argument. In that decision, we held that *Hall* is not retroactive under federal or state law, receding from prior case law to the contrary. *Phillips*, 299 So. 3d at 1018-24.

Recognizing the hurdle *Phillips* poses, Walls contends that *Phillips* was wrongly decided. And in the alternative, he argues that our decision in *State v. Okafor*, 306 So. 3d 930, 933-35 (Fla. 2020) (applying finality-of-judgment principles in concluding that we lacked authority to simply reinstate death sentence when time period for recalling our mandate vacating death sentence had expired), and the law-of-the-case doctrine preclude application of *Phillips* in this particular case. But we have already rejected arguments to recede from *Phillips* and have instead consistently applied its holding in the postconviction context, *see, e.g.,*

---

3. Our review in this case is de novo. *See Rogers v. State*, 327 So. 3d 784, 787 n.5 (Fla. 2021).

- 5 -

*Thompson v. State*, 341 So. 3d 303, 304 (Fla. 2022) (death sentence final in 1993); *Pittman v. State*, 337 So. 3d 776, 777 (Fla. 2022) (death sentence final in 1995); *Nixon*, 327 So. 3d at 781 (death sentence final in 1991); *Freeman v. State*, 300 So. 3d 591, 593 (Fla. 2020) (death sentence final in 1991); *Cave v. State*, 299 So. 3d 352, 353 (Fla. 2020) (death sentence final in 1999), even in cases where we had remanded for additional proceedings in light of *Hall*, *see, e.g.*, *Thompson*, 341 So. 3d at 306; *Nixon*, 327 So. 3d at 782.

For instance, in *Nixon*, we affirmed the denial of a *Hall*-based intellectual-disability claim. 327 So. 3d at 784. In so doing, we stated that *Phillips* was the controlling law that governed on appeal, concluding: "It would be inconsistent with that controlling law for us to entertain Nixon's successive, *Hall*-based challenge to the trial court's order here." *Id.* at 783. We further stressed that the law-of-the-case doctrine did not compel a different analysis. *Id.* Again, noting that *Phillips* had issued after our mandate in Nixon's prior appeal, we applied an exception to the law-of-the-case doctrine for intervening changes in controlling law. *Id.*

We reached a similar conclusion in *Thompson*, a case that involved a remand instruction requiring the circuit court to hold a

new evidentiary hearing on Thompson's *Hall*-based intellectual-disability claim. *Thompson*, 341 So. 3d at 305. On remand, the circuit court declined to hold an evidentiary hearing and summarily denied the claim on the authority of *Phillips*. *Id.* Thompson argued on appeal that *Okafor* required the circuit court to hold an evidentiary hearing in compliance with the remand instruction. *Id.* Disagreeing with that argument, we distinguished *Okafor* based on the fact that Thompson's death sentence remained intact. *Id.* at 305-06. Additionally, consistent with *Nixon*, we concluded that *Phillips* constituted an intervening change in law for purposes of an exception to the law-of-the-case doctrine. *Id.* at 306. Accordingly, we followed *Phillips* and held that *Hall* did not apply in Thompson's case. *Id.* Based on this analysis, we affirmed the summary denial of Thompson's intellectual-disability claim. *Id.*

Accordingly, consistent with *Nixon* and *Thompson*,[4] we conclude that Walls does not get the benefit of *Hall*. As a

---

4. We reject Walls's argument to recede from *Nixon* and *Thompson*.

consequence, his *Hall*-based intellectual-disability claim fails regardless of the evidence presented at his evidentiary hearing.[5]

## Conclusion

Based on the above analysis, we affirm the circuit court's ruling.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
LABARGA, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

Because I continue to adhere to my dissent in *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020) (receding from *Walls v. State*, 213 So.

---

5. Walls also argues that application of *Phillips* would result in a due-process violation, claiming that the decision was both "unexpected and indefensible." We reject this argument. Of significance, federal and state courts alike have concluded that *Hall* is not retroactive. *See State v. Lotter*, 976 N.W.2d 721, 741 (Neb. 2022) (relying on *Phillips* in holding that *Hall* is not retroactive); *State v. Jackson*, 157 N.E.3d 240, 253 (Ohio Ct. App. 2020) (refusing to apply *Hall* retroactively; listing *Phillips* as example of "substantial and growing body of case law" declining "to apply *Hall* and *Moore [v. Texas*, 581 U.S. 1 (2017),] retroactively"); *In re Payne*, 722 Fed. Appx. 534, 538 (6th Cir. 2018) (noting body of federal case law finding *Hall* not retroactive).

- 8 -

3d 340 (Fla. 2016), and holding that *Hall v. Florida*, 572 U.S. 701 (2014), does not apply retroactively), I dissent to the majority's decision affirming the denial of Walls's successive motion for postconviction relief.

An Appeal from the Circuit Court in and for Okaloosa County,
    William Francis Stone, Judge
        Case No. 461987CF000856XXXAXX

Eric Pinkard, Capital Collateral Regional Counsel, and Julissa R. Fontán, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida; and Kara R. Ottervanger, Office of the Federal Public Defender, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

    for Appellee